UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JACKIE FONTENOT | : | CIVIL ACTION NO. 2:10-cv-1132 |
| VERSUS | : | JUDGE MINALDI |
| WARDEN, LOUISIANA STATE PENITENTIARY | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus by petitioner, Jackie Fontenot.  Petitioner is a prisoner in the custody of the Louisiana Department of Corrections.  The matter has been referred to undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

For the reasons discussed herein, IT IS RECOMMENDED that the instant application be DENIED and DISMISSED WITH PREJUDICE because the claims for relief raised herein were procedurally defaulted in state court.

I.      Background

Petitioner was arrested on May 17, 2005, for aggravated burglary, theft of a firearm, possession of stolen things, possession of a firearm by a convicted felon, simple burglary, felony theft over $500, and resisting an officer.  Doc. 12, att. 1, p. 72.  The State filed a bill of information on June 30, 2005, with the 36th Judicial District Court, Parish of Beauregard, formally charging petitioner with four felony counts, including aggravated burglary, simple burglary, theft of firearms, and theft of property valued at over $500.  Doc. 12, att. 1, pp. 19–20.

On April 16, 2007, petitioner told the trial court that he wished to change his plea to guilty and be sentenced to life in prison.  Doc. 12, att. 1, p. 151.  The State filed a habitual offender bill on April 23, 2007.  The same day, petitioner pleaded guilty to the four felony charges in the bill of information and also admitted the allegations of the habitual offender bill. He was sentenced to life in prison without the possibility of parole, probation, or suspension of sentence.  Doc. 12, att. 1, p. 205.

Petitioner did not lodge a direct appeal of his conviction or sentence.  Rather, he filed an application for post-conviction relief with the trial court on August 16, 2007, wherein he sought permission to file an out-of-time appeal.  Doc. 12, att. 1, pp. 207–220.  The trial court denied the application on December 1, 2007.  Doc. 12, att. 1, p. 227.  Petitioner then filed two writ applications with the Third Circuit Court of Appeal seeking review.  The first application was denied on January 15, 2008, and the second application was denied on May 13, 2009.  Doc. 12, att. 1, pp. 234, 269.

Petitioner filed a second application for post-conviction relief in the state trial court on June 13, 2008, wherein he raised seven claims for relief.  Doc. 12, att. 1, pp. 270–313.  The district court denied the second application on the same day it was filed.  Doc. 12, att. 1, p. 341. On December 23, 2008, petitioner again sought writs with the Louisiana Third Circuit Court of Appeal.  Doc. 12, att. 1, pp. 352–388.  The application was denied on June 2, 2009 and bore the inscription, "WRIT DENIED: There is no error in the trial court's denial of Relator's application for post-conviction relief.  He has failed to carry his burden of proving entitlement to the relief sought.  La. Code. Crim. P. art. 930.2."  Doc. 12, att. 2, p. 33 (Rec p. 467).  Petitioner then filed an application for supervisory and/or remedial writs with the Supreme Court of Louisiana.  Doc.

12, att. 2, pp. 35–73 (Rec. pp. 468–507).  The application was denied on May 28, 2010.  *State ex rel. Fontenot v. State*, 36 So.3d 241 (La. 5/28/2010); Doc. 12, att. 2, p. 196 (Rec. p. 630).

Petitioner then filed the instant application for a writ of habeas corpus in this court on July 12, 2010.  He raises the same seven claims for review that were raised in the second application for post-conviction relief.  These claims are as follows:

1. Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendment;

2. Petitioner pled guilty to being a fourth felony offender under La. R.S. 15:529.1 which was illegal and contrary to the statutory law of Louisiana in violation of the Fifth and Fourteenth Amendments;

3. Petitioner pled guilty to separate and distinct statutes for the same criminal act in violation of the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment;

4. Petitioner was denied his constitutional right to judicial review in violation of the Due Process Clause of the Fourteenth Amendment;

5. Petitioner was incompetent at the time he entered into the guilty plea.

6. Petitioner was allowed to enter a plea of guilty to the charge of aggravated burglary when the bill of information only reflects the charge of simple burglary of an inhabited dwelling, in violation of the Due Process Clause of the Fourteenth Amendment.

7. The Judge, District Attorney, and counsel violated their duty as officers of the court to insure the provisions of the United States Constitution were adhered to during the guilty plea.

Doc. 1, att. 2.

Respondent has filed a response to the instant writ application.  The response argues, *inter alia*, that the claims for relief were not properly exhausted and/or procedurally defaulted in state court, and, in the alternative, that petitioner is not entitled to relief on the merits.  Finding that the claims for relief raised herein were procedurally

defaulted in state court, the undersigned does not address the exhaustion and merits arguments.

## II.     Legal Standard

### A.  Federal Habeas Review

Federal courts of the United States have jurisdiction to entertain applications for writs of habeas corpus on behalf of a person in State custody only if that person "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The procedural default doctrine bars federal habeas corpus review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule.  *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).  "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Id.* at 750–51.  This doctrine ensures that federal courts give proper respect to state procedural rules.  *Id.*

In order to determine whether a procedural bar exists, a federal court must look to the last reasoned state court decision regarding the claim for relief.  Moreover, "[i]f the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available."  *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

The doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment.  *Sones v. Hargett*, 61 F.3d

410, 416 (5th Cir. 1996).  However, many times a state court may not explain the basis for its decision.  To determine whether the court made a ruling on the merits or on procedural grounds, the court can look to (1) the text of the state court order, and (2) the circumstances surrounding the order.[1]  *Wilson v. Moore*, 178 F.3d 266, 273–74 (4th Cir. 1999).

A procedurally defaulted claim is not subject to federal habeas review "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson,* 501 U.S. 722, 750–51 (1991).

In *Murray v. Carrier*, the Supreme Court explained that "cause" in the context of a procedural default refers to an impediment external to the defense:

> [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials" made compliance impracticable, would constitute cause under this standard.

477 U.S. 478, 488 (1986) (internal citations omitted).

The "actual prejudice" component requires petitioner to "demonstrate[] that, but for the error, he might not have been convicted."  *United States v. Guerra,* 94 F.3d 989, 994 (5th Cir. 1996); *see also Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003).  That is, if petitioner were successful in proving the merits of the underlying defaulted claim, the result of the state court

---

[1] The court in *Wilson* was faced with a summary state court order that simply recited, "Petitioner for Habeas Corpus is denied."  It held that the decision did not fairly appear to rest on federal law; rather, the circumstances indicated that the state court was believed the claims therein had been procedurally defaulted.  The state court petition was a second application for post-conviction relief and raised grounds that could have been raised in an initial habeas application.  Moreover, the state sought dismissal of the petition solely on procedural grounds.  178 F.3d at 273–74.

proceeding would somehow have been different. *Barrientes v. Johnson,* 221 F.3d 741, 769 (5th Cir. 2000).

To avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Glover v. Cain,* 128 F.3d 900, 904 (5th Cir. 1997). The petitioner must allege that as a factual matter he did not commit the crime. *Corwin v. Johnson,* 150 F.3d 467, 473 (5th Cir. 1998); *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson,* 89 F.3d 210, 213 (5th Cir. 1996) (quoting *McClesky v. Zant,* 499 U.S. 467, 495 (1993).

### B.  Louisiana Post-Conviction Procedure

Louisiana law provides "a person in custody after sentence following conviction," La. Code Crim. P. art. 924(1), a two year window in which to seek post-conviction relief. La. Code Crim. P. art. 930.8(A). The application is to "be filed in the parish in which the petitioner was convicted," La. Code Crim. P. art. 925, and relief may be granted on the ground that "[t]he conviction was obtained in violation of the constitution of the United States . . . ." La. Code Crim. P. art. 930.3(1).

Louisiana affords a constitutional right to appeal, and so when a person in custody seeks permission to file an out-of-time appeal, the request is to be raised in an application for post-conviction relief. *State v. Counterman*, 475 So.2d 336, 340 (La. 1985).

The post-conviction petitioner bears "the burden of proving that relief should be granted." La. Code Crim. Proc. art. 930.2. The state district court may dismiss the application "without an answer if the application fails to allege a claim which, if established, would entitle

the petitioner to relief."  La. Code Crim. Proc. art. 928.  Furthermore, "[a] successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."  La. Code Crim. Proc. art. 930.4.  Louisiana's standard form for an application for post-conviction relief specifically asks about previous applications and makes clear that the application may be dismissed where it is improperly successive.  *See* Doc. 12, att. 1, pp. 272, 73.

"The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post conviction relief.  No appeal lies from a judgment dismissing an application or otherwise denying relief." La. Code Crim. Proc. art. 930.6.  A writ denial is not a decision on the merits and does not have precedential value.  *Block v. Reliance Ins. Co.*, 433 So.2d 1040, 1044 (La. 1983).

### III.    Application in this Case

Petitioner did not appeal his conviction and sentence.  Rather, he waited until after the appeal period lapsed and filed an application for post-conviction relief.  Petitioner's sole claim for relief therein was that he should be afforded an out-of-time appeal.  The application was denied by the district court, and the state appellate court declined to exercise its supervisory jurisdiction.

Thereafter, petitioner filed a second application for post-conviction relief.  He raised seven (7) new claims for relief that were not raised in the original application.  The state district court summarily denied the application on the same day in which it was filed without issuing oral or written reasons.

Petitioner argues that no state court ever expressly found his claims for relief to be procedurally defaulted.  While this is true, the converse is also true: the state district court did not explicitly rule on the merits of petitioner's claims either.

The totality of the circumstances indicates that the district court dismissed the application because it found the seven new claims to be procedurally defaulted.  First, the application was denied the same day it was filed.  This suggests that the court did not delve into the merits of the application.   Second, petitioner indicated in the standard form provided him that he had previously filed an application for post-conviction relief that had been denied.  Doc. 12, att. 1, p. 272.  The form clearly described the limitations on repetitive applications.  *See* Doc. 12, att. 1, p. 273.  Petitioner failed to provide any explanation for not including these additional claims for relief in his first application except for that he was unlearned in the law.  Doc. 12, att. 1, p. 274.  And lastly, summary dismissal on the merits would been inappropriate because the claims, if established, might very well entitle petitioner to relief.  *See* La. Code Crim. Proc. art. 928.  These claims for relief should have been included in the first application yet they were inexcusably omitted.  *See Wilson v. Moore*, 178 F.3d 266, 273–74 (4th Cir. 1999).

Petitioner sought to invoke the supervisory jurisdiction of the state appellate court; however, the court declined the invitation.  While the appellate court noted that petitioner had not satisfied his burden of proof, the fact remains that it denied writs, and writ denials are not rulings on the merits of the case and have no precedential value.  *See See Block v. Reliance Ins. Co.*, 433 So.2d 1040, 1044 (La. 1983).  So to the extent that a procedural default may be cured as the case progresses, there was no repair in this case.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

The procedural default in state court does not end the analysis.  This court may consider the merits of petitioner's claims for relief if he can demonstrate either (1) cause for the default and actual prejudice as a result, or (2) that failure to consider the claims would result in a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 750–51.

Petitioner does not satisfy the first exception.  As previously discussed, the cause for default must arise from "an impediment *external* to the defense . . . ."  *Murray*, 477 U.S. at 488 (emphasis added).  However, the cause of the default in this case was internal.  Petitioner alone was responsible for the failure to raise these additional seven (7) claims for relief in the first application for post-conviction relief.  Petitioner may be unlearned in the law, *see* Doc. 12, att. 1, p. 274, but this excuse is insufficient.  *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).  Even if petitioner were to establish cause for his default, he has made no attempt to establish prejudice and has provided no reason to suspect that the Louisiana courts would have ruled favorably on his defaulted claims.  *See Guerra,* 94 F.3d at 994.

Neither does petitioner satisfy the second exception.  Petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Glover,* 128 F.3d at 904.  It is incumbent upon petitioner to make a "colorable showing of factual innocence."  *Callins v. Johnson,* 89 F.3d 210, 213 (5th Cir. 1996).

Petitioner asserts a number of claims for relief on the merits, but only the first advances a claim of actual innocence.  Petitioner says that counsel was ineffective in failing to investigate and prepare a defense.  In his discussion in support of this claim, petitioner avers that he could not have committed these crimes because he was wheelchair bound for many years prior to the crimes for which he was convicted and because the burglary occurred in a second floor apartment. Doc. 1, att. 2, p. 18.

The record belies petitioner's argument.  The burglary did not occur in a second story apartment; rather, it was a house and rear storage shed.  Also, the offense report indicates that petitioner was caught fleeing from authorities on foot.  Petitioner certainly was not bound to a wheelchair at the time of the incident.  Moreover, petitioner admitted as much at the April 16,

2007, nearly twenty-three (23) months after his arrest.   He told the court that he had been wheelchair bound for seventeen (17) months and that he injured his hip when he fell while incarcerated.[2]   Doc. 12, att. 1, pp. 156, 167.   And lastly, several stolen rings were located on petitioner's person at the time of his arrest.   Firearms, power tools, a portable "boombox," a piggybank, and many other items, all belonging to the victims, were all located in petitioner's camper.  Doc. 12, att. 1, p. 132–33.

## IV.    Conclusion and Recommendation

The undersigned concludes that petitioner is not entitled to federal habeas relief because the claims raised in the instant application were procedurally defaulted in state court and such default is not excusable.

Accordingly, IT IS RECOMMENDED that the instant application be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.   Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain

---

[2] Petitioner testified that he had previously undergone hip surgery and that doctors wanted to reoperate because the replacement ball joint had deteriorated.  He also noted that he was using a cane to assist his walking at the time he was arrested.  Doc. 12, att. 1, p. 167.  However, there are no medical records, affidavits, sworn testimony, etc. in the record beyond petitioner's self-serving statements that evidence petitioner's actual physical abilities at the time of the offense such that the undersigned could reasonably infer "actual innocence."

error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 8th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE